IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–02664–RMR–MDB

TIESHKA BENTON,

    Plaintiff,

v.

SOUTHWEST AIRLINES,
HANNAH MARTIN,
MIKE BATH,
JOHN DOE, and
IAM LOCAL LODGE 142

    Defendants.

## MINUTE ORDER

This matter is before the Court on Plaintiff's Motion Requesting to Restrict/Redact or Seal Personal Identifiable Information in Accordance with D.C. COLO.LCivR.7.2, FRCP 5.2, HIPPA, Colorado Revised Statutes § 24-72-204, and Requesting Level 1 Access. (["Motion to Restrict" or "Motion"], Doc. No. 122.) After careful consideration, the Court **ORDERS** the Motion be **DENIED without prejudice**.

The request to redact continues to be extremely broad, seeking to redact entire pleadings, courtroom minutes, and more. There is a strong presumption in favor of public access to judicial records. *See United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). The party seeking to overcome this presumption of public access bears the burden of showing "some significant interest that outweighs the presumption." *Id*. (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292

(10th Cir. 2011)); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) ("[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access.").

The instant Motion does not overcome this presumption, nor does it comply with the Court's prior directive to include specific page numbers, (*see* Doc. No. 121). The Court reiterates that basic information, such as Plaintiff's name, will not be redacted or restricted. However, if Plaintiff wishes to restrict the names of minor children, or specific medical information, or social security numbers, the Court will consider that request, but only if the request complies with D.C.COLO.LCivR 7.2, and specifically identifies: (1) the docket entry, (2) the specific page number(s), and (3) the specific information or line item to be redacted. Given the Court's prior rulings on this issue, any future request to redact or restrict that does not comply with this directive, shall be summarily denied without further explanation.

Additionally, Plaintiff's Motion to Adjust PACER Account Exemption to be Backdated to the First of the Quarter Jan. 2025, (Doc. No. 122-2), is **denied as MOOT**. Plaintiff is reminded that any requests for PACER fee exemptions must be submitted via the instructions available on the District of Colorado's website, and not filed on the docket. (*See* Doc. No. 111.) Furthermore, Plaintiff may not file redacted documents without the explicit permission of the Court. Any future filings that have been improperly redacted, shall be stricken.

Dated this 19th day of May, 2025.

                                                                **BY THE COURT:**

                                                                Maritza Dominguez Braswell
                                                                United States Magistrate Judge