IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23–cv–02664–RMR–MDB

TIESHKA BENTON,

    Plaintiff,

v.

SOUTHWEST AIRLINES,
HANNAH MARTIN,
MIKE BATH, and
IAM LOCAL LODGE 142

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Defendant, International Association of Machinists &

Aerospace Workers District 142's, Motion to Dismiss Count V, VI, & VII of Plaintiff's Seventh[1]

Amended Complaint Under Federal Rule of Civil Procedure 12(b)(6) ([the "Union Motion"],

Doc. No. 142), Defendant Southwest Airlines's Partial Motion to Dismiss Plaintiff's Sixth

Amended Complaint Under Fed. R. of Civ. Pro. 12(b)(6) (["Southwest Motion"], Doc. No. 147),

Defendant Hannah Martin's Motion to Dismiss Claims Five through Seven of Plaintiff's Sixth

Amended Complaint Under Fed. R. of Civ. Pro. 12(b)(6) (["Martin Motion"], Doc. No. 148), and

---

[1] Plaintiff has made several amendments to her Complaint. The operative Complaint is titled
"Sixth Amended Complaint." (Doc. No. 132.) The Court will refer to it as the Complaint or the
SAC.

Defendant Mike Bath's Motion to Dismiss Claims Five through Seven of Plaintiff's Sixth Amended Complaint Under F.R.C.P. 12(b)(6) (["Bath Motion"], Doc. No. 213) (collectively, the "Motions"). Plaintiff has responded in opposition to each Motion (Doc. Nos. 162; 164; 215), and Defendants have replied in support of their Motions (Doc. Nos. 178; 198; 199; 216).[2] After reviewing the Motions, briefing, and relevant law the Court respectfully **RECOMMENDS** that the Motions be **GRANTED**.

**SUMMARY FOR SELF-REPRESENTED PLAINTIFF**

The Court is recommending that Defendants' Motions to Dismiss be granted. First, because you were employed for only nine months at Southwest, you were not eligible for FMLA, and the FMLA claim must be dismissed. Second, the allegations of abuse of process concern the initiation of a claim, not the use of an existing judicial process. That makes the conduct actionable under a malicious prosecution theory, not an abuse of process theory. Third, because the Complaint does not contain enough facts to support a lack of probable cause or malicious intent, the malicious prosecution claim fails. Fourth, because you do not attribute any statements to Defendant Bath or the Union, your defamation claim against them must be dismissed. And while the allegations against Defendant Martin do reference a general statement or set of statements she made, the reference is too ambiguous, and beyond that, there are not enough factual allegations to support a defamation claim against her, either.

---

[2] Plaintiff also filed sur-replies in opposition to the IAM 142, Southwest, and Martin Motions. (Doc. Nos. 195; 207; 208.) This District's Local Rules do not contemplate sur-replies and they are not permitted absent leave of Court. However, in light of Plaintiff's self-represented status and the general circumstances surrounding this case, the Court has considered these filings.

If the presiding judge accepts this Recommendation, Claims 4 through 7 will be dismissed and Defendants Martin, Bath, and the Union will no longer be defendants in this case. However, your claims against Southwest will continue. This is only a high-level summary of this Court's decision, the full recommendation is set forth below, along with your right to object to it if you choose.

## BACKGROUND

Plaintiff, who describes herself as an African American woman with the "disability of visual learning," was employed by Southwest as a customer service supervisor from February through November 2022. (Doc. No. 132 at ¶¶ 21, 23–24.) Plaintiff's direct superior was Defendant Bath. (*Id.* at ¶ 29.)

The SAC alleges that certain individuals, including Defendant Martin and Cindy Graham, a representative of IAM Local Lodge 142 ("the Union"), mistreated and refused to work with one of Plaintiff's coworkers, Jennie Meyer. (*Id.* at ¶¶ 30–52.) Plaintiff says she informed her supervisors and Southwest's employee relations department about this behavior, confronted the coworkers engaging in it, and that she and others held an "intervention" to help Ms. Meyer. (*Id.* at ¶¶ 53–62, 65-72, 82–87.) Plaintiff alleges retaliation in connection with these activities. Specifically, she contends she was subjected to "theft of personal property, unfair treatment, creation of a hostile work environment, inadequate training, failure to provide reasonable accommodations, unequal employment terms, use of offensive and abusive language, discrimination, cultural bias, harassment, and unethical conduct." (*Id.* at ¶ 6; *see id.* at 131–42.) She also contends her Family Medical Leave Act ("FMLA") rights were interfered with because

3

one of her supervisors "was allowed to switch and adjust Plaintiff's work schedules, which directly interfered with medical treatment appointments." (*Id.* at ¶ 5, 184.)

Plaintiff also says she was subjected to "falsified complaints" that were "encouraged" by management and Ms. Graham. (*Id.* at ¶¶ 7–8, 197.) She contends the complaints were not properly investigated. (*Id.*) Plaintiff says Defendant Martin accused Plaintiff of "grabbing" her arm on one occassion, then later filed a complaint for touching her shoulders on a different occasion, and also confronted Plaintiff at a Southwest gate. (*Id.* at ¶¶ 80, 99–100, 103.) Plaintiff was eventually suspended and terminated. (*Id.* at ¶¶ 106–07.) On November 11, 2022, Plaintiff "was served criminal charges by the Colorado Springs Police, initiated by the Defendants" and predicated on Defendant Martin's allegedly false police report.[3] (*Id.* at ¶¶ 112, 193.) Plaintiff says the criminal complaint listed Defendant Bath as a witness. (*Id.* at ¶ 188.) Plaintiff says the case was eventually dismissed by the prosecuting attorney. (*Id.* at ¶ 191.)

Plaintiff asserts seven claims for relief (*Id.* at ¶¶ 131–233): employment discrimination predicated on disparate treatment and a hostile work environment (Claim 1), failure to accommodate under the Americans with Disabilities Act ("ADA") (Claim 2), retaliation under the ADA (Claim 3), violation of the FMLA (claim 4), malicious prosecution (Claim 5), abuse of process (Claim 6), and defamation (Claim 7). (*Id.*) Claims 1 through 4 are brought against Southwest; Claims 5 through 7 are brought against Defendants Martin, Bath, and the Union. (*Id.*)

Southwest has moved only to dismiss Claim 4, arguing Plaintiff has failed to state a claim under the FMLA. (Doc. No. 147.) Meanwhile, Defendants Martin, Bath, and the Union seek

---

[3] The SAC does not appear to identify the charge(s) brought against Plaintiff. However, based on what Plaintiff does allege, the Court presumes the charges were related to undesired physical contact between Plaintiff and Defendant Martin.

dismissal of all claims brought against them (Claims 5 through 7). (Doc. Nos. 142; 148; 213.)

Defendants Martin and Bath argue Plaintiff's allegations fail to state claims against them. (Doc.

Nos. 148; 213.) The Union argues the same, adding that the allegations do not specifically

connect the Union to any claim. (Doc. No. 142.)

<strong>LEGAL STANDARD</strong>

I.    **Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling

on such a motion, a court accepts all well-pleaded facts as true and views the allegations in the

light most favorable to the plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

However, the plaintiff bears the burden of presenting a complaint with enough factual details to

suggest entitlement to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Indeed, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v.

Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).

Ultimately, courts assess "whether the complaint sufficiently alleges facts supporting all the

elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest

Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

II.    **Self-Represented Plaintiff**

The Court is mindful that Plaintiff represents herself and thus affords her papers and

filings a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the

Court cannot and does not act as her advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1

5

(10th Cir. 2019), and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

### I.    FMLA Claim (Fourth Claim for Relief Against Defendant Southwest)

"To assert an FMLA interference claim, [Plaintiff] is required show that she was eligible for FMLA leave; indeed, it is the very first element of the claim." *Hurd v. United States Postal Serv.*, 2020 WL 5517012, at *3 (D. Colo. July 17, 2020), *report and recommendation adopted*, 2020 WL 8186473 (D. Colo. Aug. 17, 2020). "An employee is eligible under the FMLA if she has been employed by her employer for at least 12 months, and has worked at least 1,250 hours with that employer in the previous 12 months." *Id.* (citing 29 U.S.C. § 2611(2)(A)).

Here, and based on her own allegations, Plaintiff worked for Southwest for only nine months, from February to November, 2022. (Doc. No. 132 at ¶ 21.) Plaintiff therefore was not eligible for FMLA leave and thus cannot bring an FMLA interference claim.

Accordingly, the Court recommends dismissal of Claim 4.

### II.    Malicious Prosecution (Fifth Claim for Relief Against Defendants Bath, Martin, and Union)

"Generally, to prevail on a claim for malicious prosecution, the following elements must be satisfied: (1) the defendant contributed to bringing a prior action against the plaintiff; (2) the prior action ended in favor of the plaintiff; (3) no probable cause; (4) malice; and (5) damages." *Hewitt v. Rice*, 154 P.3d 408, 411 (Colo. 2007) (citing *Thompson v. Md. Cas. Co.*, 84 P.3d 496, 503 (Colo. 2004)).

Here, and for the sole purpose of resolving these Motions, the Court assumes that the first three elements are satisfied.[4] However, the allegations that concern the fourth element (malice) are too thin and conclusory to survive Defendants' Rule 12(b)(6) challenge. Specifically, the SAC fails to plausibly and sufficiently allege that the Defendant's acted with malicious intent. Plaintiff suggests that she and Defendant Martin had run-ins over Defendant Martin's purported treatment of Ms. Meyer, but there is little in the SAC to expressly support the claim that Defendant Martin's police report was malicious. Indeed, the SAC does very little to explain how Defendant Bath or the Union were involved in the first place. There is some indication that Defendant Bath and Ms. Graham may have served as witnesses, and/or that Ms. Graham did not prevent Defendant Martin from filing the police report, but none of these allegations demonstrate malicious intent. At most, Plaintiff seems to allege that the internal Southwest complaints and investigations were biased against her, but she does not make any specific, let alone detailed, allegations of malice. (*See, e.g.*, Doc. No. 132 at ¶ 193 (saying "[t]he false claim escalated into

---

[4] Indeed, there are at least *some* allegations to support the first three elements. For example, Plaintiff alleges Defendant Martin filed the allegedly false police report. (Doc. No. 132 at ¶¶ 112, 188, 193.) Moreover, the criminal case ended in Plaintiff's favor when it was dismissed by the prosecuting attorney. (*Id.* at ¶ 191.) And as to probable cause, the allegations are thin and conclusory but Plaintiff manages to allege that "[a]ll defendants knew there was no legal proof, including lack of video evidence or eyewitnesses" (*id.* at ¶ 190), that Defendant Bath told Defendant Martin "the arm grab was not aggressive enough [for a criminal complaint]," (Doc. No. 132 at ¶ 231), and Plaintiff appears to include a quote from a Colorado Department of Labor and Employment unemployment benefits proceeding during which a hearing officer purportedly stated or wrote that video "offered no such evidence" that Plaintiff had "touched [Defendant Martin] aggressively," and found Plaintiff was entitled to unemployment benefits. (Doc. No. 132 at ¶ 121.) Under greater scrutiny, these allegations would likely be insufficient but the Court need not apply that level of scrutiny with respect to these elements because the claim fails on the remaining elements.

filing a false police report"); *id.* at ¶ 189 (alleging Defendant Bath was "informed" that the allegations against Plaintiff were "dubious").[5]

Accordingly, the Court recommends this claim be dismissed.

### III.   Abuse of Process (Sixth Claim for Relief Against Defendants Bath, Martin, and Union)

"To prove an abuse of process, the claimant must show '(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, i.e., use of a legal proceeding in an improper manner; and (3) resulting damage.'" *Parks v. Edward Dale Parrish LLC*, 452 P.3d 141, 145 (Colo. Ct. App. 2019) (quoting *Mackall v. JPMorgan Chase Bank, N.A.*, 356 P.3d 946, 954 (Colo. Ct. App. 2014)). "The essence of the tort of abuse of process is the use of a legal proceeding primarily to accomplish a purpose that the proceeding was not designed to achieve." *Walker v. Van Laningham*, 148 P.3d 391, 394 (Colo. App. 2006)

Plaintiff's abuse of process claim is predicated on the initiation of the criminal proceeding against her, the same proceeding underpinning her malicious prosecution claim.  But malicious prosecution and abuse of process are distinct claims. *See Parks*, 452 P.3d at 144, n.3 ("Abuse of process isn't synonymous with malicious prosecution."). "[Malicious prosecution] is concerned with maliciously causing process to issue, while [abuse of process] is concerned with the improper use of process after it has been issued." *Wolford v. Lasater*, 78 F.3d 484, 490 (10th Cir. 1996) (applying New Mexico law); *see also Hewitt*, 154 P.3d at 414 ("[M]alicious

---

[5] The fifth element (damages) also appears unsupported, and Plaintiff's termination occurred *prior* to the criminal summons. (Doc. No. 132 at ¶ 125 (saying internal "disciplinary investigations lead[ ] to Plaintiff's termination").)

prosecution and abuse of process should be retained as separate and distinct torts."). In other words, "[a]buse of process provides a remedy for situations where litigation, though properly commenced, is misused to coerce or compel a result that couldn't normally be obtained via the ordinary use of process," whereas "[m]alicious prosecution 'addresses the situation where a person knowingly initiates baseless litigation.'" *Parks*, 452 P.3d at 144 (quoting *Mintz v. Accident & Injury Med. Specialists, PC*, 284 P.3d 62, 66 (Colo. App. 2010)).

Here, the SAC pleads *initiation*, not *use*. The act Plaintiff attributes to Defendants is the filing of a criminal complaint. (*See* Doc. No. 132 at ¶¶ 202, 205, 209 (saying Defendants "initiated legal process: against Plaintiff).) Initiating a proceeding, even an unfounded one, does not support an abuse of process claim; such allegations are the province of a malicious prosecution claim. *See Colorado Cmty. Bank v. Hoffman*, 338 P.3d 390, 397 (Colo. Ct. App. 2013) ("If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim."); *see also Holick v. Burkhart*, 388 F. Supp. 3d 1370, 1384 (D. Kan. 2019) ("[A]buse of process does not consist of commencing an action or causing process to issue without justification, but misusing or misapplying process, justified in itself, for an end other than that which it was designed to accomplish." (internal quotation marks omitted)).

Accordingly, the Court recommends dismissal of Claim 6.

## IV.    Defamation (Seventh Claim for Relief Against Defendants Bath, Martin, and Union)

Colorado defines defamation as "(1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the

publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by publication." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014).

As to Defendant Bath and the Union, this claim collapses on the first element because the SAC does not identify any allegedly defamatory statements attributable to them, specifically. Defendant Bath is accused of overseeing and failing to stop a biased complaint and investigation process. Such allegations simply do not sound in defamation as they do not describe any "statement" Defendant Bath made to a third party. Similarly, Plaintiff fails to attribute any specific statement to the Union. And even assuming the Union could be held liable for a defamatory statement made by Ms. Graham, Plaintiff does not identify any allegedly defamatory statements made by Ms. Graham. At most, Plaintiff vaguely and in conclusory fashion alleges that Ms. Graham was somehow involved in the complaints brought against her.

By contrast, Plaintiff does specifically allege that Defendant Martin falsely accused Plaintiff of "grabbing" her, but the Complaint offers little-to-no detail about the particular statement or statements made by Defendant Martin. Moreover, elsewhere in the Complaint, Plaintiff alleges that she did indeed engage in physical touch with Defendant Martin at some point. Thus, if Plaintiff is taking issue with Defendant Martin's characterization of that touching, the Complaint needs to detail that characterization and describe how and to what extent it is false, why and how Defendant Martin was negligent in publishing that statement, and what facts

10

and circumstances make the claim actionable. On Plaintiff's thin allegations, the Court cannot discern the specific statement at issue, or whether any such statement is defamatory.[6]

Accordingly, the Court recommends dismissal of Claim 7.

## CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motions be **GRANTED**, that **Claims 4 through 7 be dismissed** with prejudice,[7] and that Defendants Martin, Bath, and IAM Local Lodge 142 be terminated from this action.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will

---

[6] If in the alternative Plaintiff contends the arm "grabbing" incident was entirely fabricated, and that Plaintiff never touched Defendant Martin at all, the Complaint would need to make that clear. In any event, and even assuming that much was clear, the Complaint does not plead the remaining elements with specificity, nor offer any facts from which the Court could infer that Defendant Martin knew that no touching had occurred.

[7] The Court typically recommends dismissal without prejudice when the dismissal is based on a pleading deficiency, and the claim is brought by a self-represented litigant. However, this case was first filed in October, 2023 and Plaintiff has had multiple opportunities to shore up her pleading. If her now six-times amended complaint does not contain enough facts to support these claims, additional amendments are unlikely to cure the deficiencies and it would be unduly prejudicial to Defendants to continue permitting amendments. *See Wilson v. Stancil*, 2025 WL 2550724, at *13 (D. Colo. Aug. 12, 2025) ("When a plaintiff has had prior opportunities to amend a complaint and still cannot state a valid claim, courts will dismiss claims with prejudice." (collecting cases)), *report and recommendation adopted sub nom. Wilson v. Colorado Dep't of Corr.*, 2025 WL 2549847 (D. Colo. Sept. 3, 2025). Moreover, in this case, the claims against Plaintiff's former employer, Southwest will proceed.

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 22nd day of July, 2026.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

12